UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arnel Dasrath, as the Administrator of the Estate of Rexford Dasrath,<br><br>Plaintiff<br><br>-against-<br><br>The City of New York, Police Officer Nicholas Guzman, in his individual capacity, Police Officer Kevin Ermann, in his individual capacity, | ECF CASE<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>15 Civ. 766 (SJ) (RLM) |

**PRELIMINARY STATEMENT**

1. This is an action by plaintiff Arnel Dasrath, as the Administrator of the Estate of Rexford Dasrath, for money damages brought pursuant to the Civil Rights Act of 1871 and 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of Rexford Dasrath's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution and laws of the State of New York.

**JURISDICTION**

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Subject matter jurisdiction over plaintiff's Federal claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over plaintiff's state-law claims is conferred by 28 U.S.C. § 1367.

-1-

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff Arnel Dasrath is a resident of Massachusetts. He is the Administrator of the Estate of Rexford Dastrath. Arnel Dasrath was also Rexford Dasrath's father.

7. Defendant the City of New York (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants Police Officer Nicholas Guzman and Police Officer Kevin Ermann (collectively, the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City and incidental to the lawful pursuit of their duties as officers, agents and employees of the City.

11. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

12. At approximately 3:00PM on November 18, 2013, Rexford Dasrath ("Rexford") was shot and killed by defendant Police Officer Nicholas Guzman in front of 894 Hart Street in Brooklyn as defendant Police Officer Kevin Ermann looked on.

13. Rexford was 22 years old at the time that he was shot. He lived with his mother a few doors down from where he was killed, at 902 Hart Street.

14. On information and belief, the police were called to the area by Rexford's mother's landlord.

15. The Individual Defendants, both of the 83rd Precinct, responded to the call in a marked car.

16. As the officers approached in their car, Rexford was holding a plastic-handled steak knife and a drinking glass.

17. According to news reports, the police stated that Rexford bang on the police car with the knife and, although he missed, threw the glass he was holding at it.

18. The officers drove passed Rexford, and only got out of their car when they were some distance away.

19. At that point, despite the fact that Rexford had a knife in his hand, he did not pose an immediate threat of serious injury or death to the police officers or anyone else.

20. The NYPD Patrol Guide defines an "Emotionally Disturbed Person" or "EDP" as one who "appears to be mentally ill or temporarily deranged and is conducting himself in a manner which a police officer reasonably believes is likely to result in serious injury to himself or others" and further defines what is called "Zone of Safety" as "[t]he distance to be maintained between the EDP and the responding member(s) of the service." The Patrol Guide further states that "[t]his distance should be greater than the effective range of the weapon (other than a firearm), and it may vary with each situation (*e.g.*, type of weapon possessed, condition of EDP, surrounding area, *etc.*). A minimum distance of twenty (20) feet is recommended. An attempt will be made to maintain the 'zone of safety' if the EDP does not remain stationary."

21. Where the "EDP's actions do not constitute an immediate threat of serious physical injury or death to himself or others," the Patrol Guide requires that the responding officer "[a]ttempt to isolate and contain the EDP while maintaining a zone of safety until arrival of patrol supervisor and Emergency Service Unit personnel."

22. From the bizarre behavior that Rexford was exhibiting at the time of the officers' arrival and thereafter, it was, or should have been, abundantly clear that Rexford was in fact an EDP. Rexford had, moreover, previous encounters with officers of 83rd Precinct who knew him to be emotionally disturbed and learning disabled.

23. This notwithstanding, the responding officers failed to isolate Rexford, or to form and maintain a Zone of Safety around him. They further failed to call for and await the arrival of a patrol supervisor.

24. Instead, the officers moved in on Rexford, surrounded him, drew one or both or their guns, and began barking orders at him.

25. Moments later, Police Officer Guzman open fired on Rexford, hitting him in the torso five times.

26. Despite having the opportunity to do so, Police Officer Ermann did nothing to stop Police Officer Guzman from firing his weapon.

27. News accounts of the shooting reported that the police stated that Rexford "lunged" at one of the offices with his knife. However, on information and belief, based on a preliminary investigation of this matter, Rexford did not lunge at the officers or otherwise

threaten their lives in any way.

28. Rexford fell to the ground, where he remained, groaning, alive and conscious, until eventually being transported to Woodhull Medical and Mental Health Center.

29. Rexford remained alive and conscious for approximately 45 minutes before eventually dying as a direct result of the gunshot wounds he received at the hands of the police.

30. The fatal shooting of Rexford was intentional and unjustified, with the officers' blatant failure to follow the NYPD's protocols regarding EDPs being a contributing factor in Rexford's untimely death.

31. Rexford's family suffered pecuniary losses, including but not limited funeral expenses, as a result of the police officers actions.

## NOTICE OF CLAIM

32. A Notice of Claim was filed by Arnel Dasrath, as Natural Parent and Proposed Administrator of the Estate of Rexford Dasrath, on February 13, 2014, within ninety days of Rexford's death.

33. A Notice of Claim was filed by Arnel Dasrath, as Administrator of the Estate of Rexford Dasrath, on August 6, 2014, within ninety days of the appointment of Arnel Dasrath as the Administrator of Rexford's estate.

34. At least thirty days have elapsed since the service of the notices of claim, and adjustment or payment of the claim has been neglected or refused.

35. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Police Officer Guzman
### Excessive Force

36. All other paragraphs herein are incorporated by reference as though fully set forth.

37. By his use of excessive force in shooting Rexford, Police Officer Guzman engaged under color of law in the violation of Rexford's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Police Officer Ermann
### Failure to Intervene

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. By his failure to intervene on Rexford's behalf to prevent the violation of his constitutional rights, despite the duty and the opportunity to do so, Police Officer Ermann engaged under color of law in the violation of Rexford's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

40. All other paragraphs herein are incorporated by reference as though fully set forth.

41. Municipal liability for the violations of Rexford's Fourth and Fourteenth Amendment rights rest upon the grounds set forth below.

42. The injuries sustained by Rexford were in whole or in part caused by the City's failure to adequately train its police officers in how to identify EDPs and how to properly handle situations involving EDPs.

43. The City's decision not to properly train the police in this regard were made with a deliberate indifference to the rights of persons (specifically EDPs) with whom the police may come in contact.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for Assault and Battery

44. All other paragraphs herein are incorporated by reference as though fully set forth.

45. By the actions described above, the Individual Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted and battered plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally committed a violent and/or menacing act which threatened such contact to plaintiff, and that such contact and such acts caused apprehension of such contact in plaintiff.

46. Defendant City is the employer of the Individual Defendants. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FIFTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for Conscious Pain and Suffering

47. All other paragraphs herein are incorporated by reference as though fully set forth.

48. By the actions described above, the Individual Defendants used deadly physical force against Rexford, which resulted in his death. The use of such force was not justified or warranted under the circumstances and constituted unreasonable and unnecessary force.

49. The use of such force did not immediately cause Rexford's death. As a result, he suffered and experience a fear of impending death, severe emotional distress and conscious pain and suffering.

50. Defendant City is the employer of the Individual Defendants. Municipal liability for these torts rest upon principles of *respondeat superior*.

### SIXTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for Wrongful Death

51. All other paragraphs herein are incorporated by reference as though fully set forth.

52. The Individual Defendants, acting within the scope of their employment, caused the death of Rexford without cause or justification, rendering them liable for his

wrongful death.

53. Defendant City is the employer of the Individual Defendants. Municipal liability for these torts rest upon principles of *respondeat superior*.

### SEVENTH CAUSE OF ACTION
### Pendant State Law Claim
### Against the City of New York for Negligence

54. All other paragraphs herein are incorporated by reference as though fully set forth.

55. The Individual Defendants, acting within the scope of their employment, negligently discharged their duties by failing to exercise a reasonable degree of care, thereby causing Rexford to sustain the aforementioned injuries.

56. The acts of negligence of the Individual Defendants included, but are not limited to, their improper conduct in recognizing EDPs and handling situations involving EDPs.

57. The actions of the Individual Defendants violated the Patrol Guide, including, but not limited to, the protocols in recognizing EDPs and handling situations involving EDPs.

58. Defendant City was responsible for the negligence of its officers committed within the scope of their employment.

59. Defendant City was negligent by failing to properly train or supervise its police officers in recognizing EDPs and handling situations involving EDPs, and in failing to properly train or supervise its officers in the use of deadly force.

60. By their actions, the Defendants, jointly and severally, committed the foregoing wrongful acts against Rexford, which were tortuous under the Constitution and laws of the State of New York.

61. The aforementioned acts and conduct proximately caused the injuries sustained by Rexford and violated the statutory and common law rights guaranteed to him by Constitution and laws of the State of New York.

WHEREFORE, plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants;

3. Award plaintiff reasonable costs, disbursements and attorneys' fees; and

4. Grant any other relief this Court deems appropriate.

Dated: New York, New York
       July 17, 2015

Respectfully submitted,

Darius Wadia, L.L.C.

/s/

_____
By: Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
186 Joralemon Street, Suite 1202
Brooklyn, New York  11201
(212) 233-1212
dwadia@wadialaw.com