Arnel Dasrath

    Plaintiff                          Order to Show Cause 15-CV-766(AMD)

  – Against –                            The Hon. Roanne L. Mann

Police Officer John Doe 1              Chief United States Magistrate Judge

Police Office John Doe 2               Brooklyn, New York

City of New York

    Defendants

    cc Darius Wadia, Esq.

    186 Joralemon Street, Suite 1202

    Brooklyn NY 11201

    Defense Counsel

    cc Rajau Sundaram

In accordance with the court's Order dated March 18, 2016 requesting that I provide plausible explanation why Mr. Darius Wadia should not be released from the case <u>Dasrath vs. City of New York</u>, the following is hereby stated:

1) Mr. Wadia and Mr. Dasrath freely entered into a retainer agreement (See attached).

2) It is specifically stated on Page 2 of the Retainer Agreement that attorney may withdraw from the case with client's consent. No consent was ever given by Mr. Dasrath for Mr. Wadia to withdraw from the case.

3) Mr. Wadia and Mr. Dasrath have had an attorney-client relationship since at least early 2014, and are now more than two years into this relationship. During that time, Mr. Dasrath has developed great trust in Mr. Wadia.

4) Mr. Wadia is a member of the New York Bar 2015 for more than 15 years, and is governed by the New York Bar Rules of Professional Conduct.

5) Rule 1.1 (a) notes that a lawyer should provide competent representation to a client, and clarifies that competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. Mr. Wadia has been involved with this case essentially since the wrongful death of Rexford Dasrath. During the course of this relationship, Mr. Wadia has investigated and prepared this case for trial, with everything that entails. He has been entrusted with the most private thoughts of a grief-stricken, heartbroken father, and can vigorously, dispassionately defend this case, in a way that it is

unlikely any subsequent attorney can. Mr. Wadia's knowledge of the case and the impressions he has formed throughout this time period are unmatched, and to change representatives mid-trial, would unfairly prejudice the rights of Mr. Dasrath.

6) Mr. Wadia has a duty of loyalty to Mr. Dasrath. Rule 5.8 (a) of the New York Bar Rules of Professional Conduct notes that the practice of law has an essential tradition of uncompromised loyalty to those it serves, and that clients of lawyers practicing in New York State are guaranteed independent professional judgment and undivided loyalty. Mr. Dasrath is entitled to loyalty from Mr. Wadia, who must remain completely responsible for his own independent professional judgment, maintain the confidences of Mr. Dasrath, and otherwise comply with the legal and ethical principles governing lawyers in New York State. Mr. Wadia freely accepted representation of Mr. Dasrath, which Mr. Dasrath understood to mean that he would vigorously advocate this claim. Mr. Dasrath trusted Mr. Wadia to see this action through, and he should not now be allowed to withdraw before the action is concluded.

6) Rule 1.16 (c)(1) of the New York Bar Rules of Professional Conduct states that a "except as stated in paragraph (d), a lawyer may withdraw from representing a client when (1) withdrawal can be accomplished without material adverse effect on the interests of the client." However, with trial already underway, withdrawal at the moment of trial can seldom be accomplished without

material adverse effect on the client. Mr. Wadia's withdrawal will result in foreseeable prejudice to the rights of Mr. Dasrath.

7) Mr. Wadia's stated reason for wanting to withdraw from the case is that he has another job. In conversation with him, he stated that he does not have any eyewitness to help the case. In light of that admission, it is possible that Mr. Wadia seeks to jump ship, because of perceived difficulties due to the absence of witnesses. Notably, the defense has two eyewitnesses that gave their versions of what they saw, and the CD's for these two witnesses have been handed over to Mr. Wadia. Neither of the witnesses claimed that they saw the Police Officer shoot Rexford Dasrath in self-defense. One witness specifically stated that he followed the police officer after he saw him take his gun out of the holster and conceal it beside his thigh. The witness stated that he was looking forward to seeing "action." The Police Officer actuated the action by shooting Rexford Dasrath seven times in the torso. Rexford Dasrath's bones now lie in Cypress Hills Cemetery and Mr. Wadia seems bent on withdrawing his professional services, possibly related to evidentiary difficulties, at a time when his services are critically needed in pursuit of justice.

8) Mr. Dasrath has contacted several law firms asking them to take over the case, but so far have been unsuccessful. Their general attitude has been that Mr. Wadia started the case and is aware of the intricate details, and therefore should finish it and accomplish justice.

9) It is clear that if this case is not represented by a competent lawyer who is familiar with all of its terrible details since November 2013, the City of New York, through its defense lawyer, may present inaccurate statements in their attempt to prevail. With the most thorough knowledge of the case, both of the events in dispute and intangibles acquired through the attorney-client relationship with Mr. Dasrath, Mr. Wadia is in the best position to represent Mr. Dasrath and seek justice for his son.

I therefore humbly ask the court to direct Mr. Wadia to continue to in his representation of Mr. Dasrath, and instruct him to fight diligently or justice for Rexford Dasrath. It does not stand to reason that Mr. Wadia can withdraw from this case at such a critical time. Such an action would violate the New York Rules of Professional Conduct, obstruct justice and blemish his career.

Yours Truly,

*Arnel Dasrath*

Arnel Dasrath

# RETAINER AGREEMENT FOR LEGAL SERVICES

**1. PARTIES TO AGREEMENT.** This agreement is made between Darius Wadia, L.L.C., 186 Joralemon Street, Brooklyn, New York 11201, hereafter referred to as "Attorney," and Arnel Dasrath, Administrator of the Estate of Rexford Dasrath, hereafter referred to as "Client."

**2. LEGAL SERVICES TO BE PROVIDED.** The legal service to be provided by Attorney to Client is representation in a civil rights action arising out of and related to Rexford Dasrath's death at the hands of New York City Police Officers on November 18, 2013.

Attorney will have the exclusive right to enforce this claim through a settlement or trial. This agreement does not cover a second trial or an appeal; however, Attorney shall have the exclusive right, but not the obligation, to represent Client at a second trial or on an appeal, should there be one.

**3. RESPONSIBILITIES OF ATTORNEY AND CLIENT.** Attorney will perform the legal services reasonably required to represent Client, and shall take reasonable steps to keep Client informed of progress and developments, and will respond to Client's inquiries and communications. Client will be truthful and cooperative with Attorney, and keep Attorney informed of developments and of Client's address and telephone number, and abide by the terms of this agreement.

**4. ATTORNEY'S LEGAL FEES.** Because a plaintiff in a successful civil rights action *may* have the right to additional attorney's fees and expenses over and above the amount awarded a plaintiff after trial, set forth in an offer of judgment, or received in settlement, the formula for compensation of Attorney will depend upon whether such additional attorney's fees and expenses are recovered.

If additional attorney's fees and expenses are *not* awarded or received, Attorney will receive a contingent fee constituting one-third of any and all amounts recovered, including taxable costs and any other economic benefit received.

If additional attorney's fees and expenses *are* recovered, then Attorney will receive the greater of either: (a) the amount of the additional attorney's fees and expenses recovered, or (b) one-third of the combined total of the additional attorney's fees and expenses recovered and the amount recovered from settlement or offer of judgment.

Client agrees that Client will not consent to any settlement of this action which may be conditioned on the waiver of additional attorney's fees and expenses, unless Attorney agrees to waive such fees, and that Client will cooperate in obtaining such additional attorney's fees. If Client waives such additional fees without Attorney's consent, Client will be obligated to pay Attorney, under the above contingent fee provisions of this agreement, an amount calculated as

Page 1 of 3

if Attorney's fees had been awarded at Attorney's full hourly rate for all work performed.

Client agrees to have any amount recovered deposited directly to Attorney's escrow account for dispersal according to this agreement. Client agrees to set over and assign Attorney's fees to Attorney upon receipt. It is understood that the fees set forth in this agreement are not set by law and were negotiated by the parties to this agreement.

**5. EXPENSES.** Client is responsible for payment of all expenses and will reimburse Attorney for any expenses which Attorney has advanced. In the event there is no recovery, Client will not be required to reimburse Attorney for expenses. For purposes of calculating the contingent legal fee amount, any unreimbursed expenses advanced by the Attorney shall be deducted from Client's net recovery. Expenses include, but are not limited to: deposition costs, transcripts, investigation costs, legal research fees, conference call fees, photocopying, expert witness fees, court costs, service of process (costs associated with serving certain legal papers), necessary travel and out-of-pocket expenses, and other similar items. Client authorizes Attorney to incur expenses reasonably necessary in Attorney's judgment.

**6. LIEN.** Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this agreement. Attorney's lien will be for any sums due and owing to Attorney pursuant to the terms of this agreement upon any monies received by Client arising out of this matter, whether by way of judgment or settlement.

**7. DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent, for good cause or for the reason set forth in the following paragraph. Good cause includes Client's breach of this agreement, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter (including settlement of the cause of action), or any other fact or circumstance which would render Attorney's continuing representation unlawful, unethical or impracticable. Attorney's effort to withdraw shall be deemed a withdrawal for purposes of this paragraph, even if a Court requires Attorney to continue representation. If Client discharges Attorney, or if Attorney withdraws, or if Client settles the cause of action without the consent of Attorney, Client agrees to pay Attorney the full amount of Attorney's fees as set forth in the Attorney's Contingent Legal Fees provisions of this agreement. Attorney shall have, in the alternative and regardless of the outcome of the case, the option of seeking compensation on a *quantum meruit* basis for Attorney's time (including associates, paralegals, etc.), at Attorney's hourly rate, and for any expenses which have not been reimbursed.

**8. DISPUTE RESOLUTION.** Attorney is required to inform Client that Client has the right to arbitrate any fee dispute between $1,000.00 and $50,000.00. If Client selects arbitration, the arbitration result is final and binding. Mediation is also available. Attorney and Client agree that this agreement shall be construed in accordance with, and governed by, the laws of the State of New York, and that any legal proceedings or dispute resolution procedure relating to this agreement shall be brought in the State of New York.

9. A copy of the Statement of Client's Rights and Statement of Client's Responsibilities can be found on my website at www.wadialaw.com.

10. Nothing in this agreement and nothing in Attorney's statements to Client shall be construed as a promise or guarantee regarding the outcome of Client's matter. Client is aware of the hazards of litigation and that, despite all best efforts of Attorney, there is no guarantee of the outcome.

The foregoing is agreed to by:

Darius Wadia, LLC

_____  7/23/14
By: Darius Wadia                 Date

The Estate of Rexford Dasrath

Arnel B Dasrath  7-27-14
By: Arnel Dasrath, Administrator  Date

Page 3 of 3