UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**ARNEL DASRATH,** *as the Administrator of the Estate of Rexford Dasrath,*

                      **Plaintiff,**

         -against-

**THE CITY OF NEW YORK, et. al.,**

                      **Defendants.**
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**15-CV-766 (AMD)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a motion to withdraw filed by plaintiff's counsel, Darius Wadia, Esq. ("plaintiff's counsel" or "Mr. Wadia"). Plaintiff Arnel Dasrath ("plaintiff" or "Mr. Dasrath") opposes the motion. For the reasons discussed below, this Court grants plaintiff's counsel's motion to withdraw.

## BACKGROUND

Plaintiff filed the initial complaint in this section 1983 civil rights action on February 13, 2015, as the administrator of his son's estate. See Complaint (Feb. 13, 2015) ("Compl."), Electronic Case Filing ("ECF") Docket Entry ("DE") #1; see also Amended Complaint (July 17, 2015) ("Am. Compl."), DE #13. On November 4, 2015, while discovery was ongoing, this Court unsuccessfully sought to settle the case and extended the fact discovery deadline to February 26, 2016. See Minute Entry (Nov. 4, 2015), DE #17. The following month, Mr. Wadia moved to withdraw as counsel for plaintiff Arnel Dasrath. See Motion to Withdraw as Attorney (Dec. 14, 2015), DE #20. In that motion, Mr. Wadia explained that he had been retained by the plaintiff while he was working as a solo practitioner, but had thereafter taken a

position as a Senior Staff Attorney at the Brooklyn Defender Services ("BDS") in its Criminal Defense Practice. See Declaration of Darius Wadia ("Wadia Decl.") ¶¶ 2-3, DE #20-1. The Executive Director of BDS allowed Mr. Wadia to continue his representation of a few clients in order to wind up his private practice, but made it clear that his involvement could last no more than six months, id. ¶¶ 5-6, i.e., until late November 2015. Given his heavy felony caseload, Mr. Wadia "could not adequately do both his current job and continue to effectively represent plaintiff." Memorandum in Support of Motion to Withdraw As Counsel for Plaintiff (Dec. 14, 2015) ("Wadia Mem.") at 2, DE #20-2.

Although Mr. Dasrath initially consented to his counsel's motion, see Darius Decl. ¶ 10, he withdrew his consent after trying unsuccessfully to locate successor counsel. See Letter (Dec. 17, 2015), DE #21. The Court then denied Mr. Wadia's motion to withdraw without prejudice, and directed him to confer with defense counsel so as to reach agreement on a limited stay of discovery in anticipation of the filing of a stipulation of substitution of counsel. See Order Denying Motion (Dec. 18, 2015), DE #22. Subsequently, at Mr. Wadia's request, the Court stayed discovery until March 18, 2016. See Motion to Stay (Jan. 5, 2016), DE #23; Electronic Order (Jan. 5, 2016). However, as reflected in the parties' subsequent status report, plaintiff was unable to secure new counsel and continued to object to Mr. Wadia's withdrawal from the case. See Status Report (Mar. 16, 2016) ("Status Rep."), DE #24.

This Court then issued an order directing plaintiff to show cause why, in view of counsel's new employment situation, Mr. Wadia's motion to be relieved should not be granted. See Order to Show Cause (Mar. 18, 2016), DE #25. In substance, Mr. Dasrath responded that,

given Mr. Wadia's extensive knowledge of the case, and the temporal proximity to trial, withdrawal would have a materially adverse effect on his case.  See generally Response to Order To Show Cause (docketed Apr. 6, 2016) ("Pl. Response"), DE #26.

## DISCUSSION

District courts have considerable discretion in deciding a motion for withdrawal of counsel. See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999); Spadola v. N.Y. City Transit Auth., No. 00-CIV-3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002).  Local Rule 1.4 provides in pertinent part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y. Local Civ. R. 1.4.  Accordingly, prior to deciding the motion to withdraw, this Court considers both "the reasons for withdrawal and the impact on the timing of the proceeding." Thekkek v.  LaserSculpt, Inc., No. 11-CV-4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (quoting Karimian v. Time Equities, Inc., No. 10-CV-3773 (AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)).

With respect to the procedural posture of the case, Mr. Dasrath's submission to this Court states that he opposes the motion to withdraw because "withdrawal at the moment of trial can seldom be accomplished without material adverse effect on the client." Pl. Response ¶ 6. This Court agrees with Mr. Dasrath that withdrawal is not proper on the eve of trial or where withdrawal would likely disrupt and significantly delay the proceedings.  See Vachula v.

Gen. Elec. Capital Corp., 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion."); Ghesani v. Trico VIII Petroleum, Inc., No. 03 Civ. 9854(FM), 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005) (denying the requested withdrawal because withdrawal "just prior to the trial would cause disruption to the Court's calendar and waste precious judicial resources").

That said, Mr. Dasrath is mistaken in suggesting that his "trial [is] already underway . . . ." See Pl. Response ¶ 6. No trial date has been set and discovery has not closed. This Court stayed discovery to afford plaintiff an opportunity to secure substitute counsel and to eliminate or at least minimize any prejudice that would otherwise flow from a change in counsel. At this point in the litigation process, this Court does not find that withdrawal would have such a negative impact on the timing of the proceedings so as to warrant denying Mr. Wadia's motion to withdraw. See Farmer v. Hyde Your Eyes Optical, 60 F.Supp.3d 441, 446 (S.D.N.Y. 2014) (where the discovery period was nearly over, but no trial date had been set, "withdrawal may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted"); Furlow v. City of New York, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (permitting withdrawal where document discovery was complete but depositions had not been taken, because the "action [was] not trial ready and resolution of [the] matter [would] not be delayed substantially by counsel's withdrawal").

As for the basis of plaintiff's counsel's motion to withdraw, Mr. Wadia explained that when he accepted plaintiff's case, he was working as a private practitioner, but that he has since left private practice to work as a Senior Staff Attorney at BDS. See Wadia Decl. ¶¶ 2-3.

Mr. Wadia further stated that his supervisor gave him a now-expired deadline of six months to conclude his involvement in his cases from private practice. See id. ¶ 6. He also explained that he could not effectively represent plaintiff and simultaneously perform his current job responsibilities. See Wadia Mem. at 1-2.

Although courts are not often presented with contested motions to withdraw that are predicated on counsel's change of employment,[1] this Court finds, on the facts presented, that Mr. Wadia has presented a satisfactory reason for withdrawal. The Court is satisfied that a Senior Staff Attorney at Brooklyn Defender Services, with a heavy criminal defense caseload, would be unable to competently represent plaintiff in this civil rights action. While Mr. Dasrath opines that "it is possible that Mr. Wadia seeks to jump ship, because of perceived difficulties due to the absence of witnesses[,]" see Pl. Response ¶ 7, this suggestion of bad faith is belied by Mr. Wadia's actions, namely, taking vacation days or "comp" days at the beginning of his new job in order to work on Mr. Dasrath's case, the only pending and active litigation from his private practice, see Wadia Decl. ¶ 5. Simply put, Mr. Wadia continued to work diligently on plaintiff's case for as long as he possibly could. See id. ¶ 7. His good faith

---

[1] More commonly cited and accepted reasons for withdrawal of counsel are irreconcilable differences between client and attorney, see United States v. Lawrence Aviation Indus., No. 06 CV 4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011); Munoz v. City of New York, No. 04 Civ. 1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008), and failure to pay legal fees, see, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F.Supp.2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4."); Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons' include failure to pay legal fees, a client's lack of cooperation — including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'").

effort to continue working for plaintiff carries far greater weight than Mr. Dasrath's speculative and unsupported assertion that Mr. Wadia was simply looking for an easy way out.

Notably, Mr. Wadia is not asserting either a charging lien against plaintiff's recovery in this case or a retaining lien against plaintiff's file. See id. ¶ 14. That decision is further evidence that Mr. Wadia's reason for withdrawing is sincere and that he wants to facilitate plaintiff's efforts to find substitute counsel.

Citing Rule 1.16(c) of the New York Bar Rules of Professional Conduct, which provides, in pertinent part, that "a lawyer may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client," N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.16(c), plaintiff complains that Mr. Wadia's withdrawal will result in a material adverse effect: "Mr. Wadia's knowledge of the case and the impressions he has formed throughout the time period are unmatched, and to change representatives mid-trial, would unfairly prejudice the rights of Mr. Dasrath," Pl. Response ¶ 5. This Court acknowledges that plaintiff and his counsel have developed a strong relationship and that Mr. Wadia "has been entrusted with the most private thoughts of a grief-stricken, heartbroken father." Id. While this Court sympathizes with plaintiff, Mr. Wadia's knowledge of the case, a section 1983 action, is not so technical or unique as to make Mr. Wadia the only attorney who could adequately represent plaintiff. Compare Moolick v. Natwest Bank, N.A., No. 95 Civ. 2226 (CSH), 1996 WL 411691, at *3 (S.D.N.Y. July 23, 1996) ("The fact that a new lawyer would have to familiarize himself with the facts of that complex securities case . . . did not create sufficient prejudice to warrant denying the

application."), with Ceglia v. Zuckerburg, No. 10-CV-569A(F), 2013 U.S. Dist. LEXIS 190065, at *14 (W.D.N.Y. Mar. 20, 2013) (denying counsel's motion to withdraw where the lead attorney had unparalleled familiarity with large amounts of "forensic evidence addressing technical issues concerning the authenticity of the alleged contract").

Plaintiff has attempted, unsuccessfully, to find new counsel. See Status Rep. The case has essentially been in a holding pattern for almost five months in order to facilitate a substitution of counsel and to avoid prejudicing plaintiff's case. See Electronic Order (Jan. 5, 2016). While the Court is prepared to grant another brief stay of discovery, to permit plaintiff to pursue other possibilities for representation, discovery will not be stayed indefinitely while plaintiff seeks to locate successor counsel. Moreover, plaintiff's failure to retain a new attorney does not warrant a denial of plaintiff's counsel's application to withdraw. See Karimian, 2011 WL 1900092, at *3 ("[A]lthough [the client] may face hurdles obtaining replacement counsel, this difficulty does not tip the scales in favor of denying the motion[.]") (record citation omitted). Instead, the Court will give Mr. Dasrath another month, until May 25, 2016, to retain new counsel.

On the record before it, the Court cannot determine whether, if Mr. Dasrath is unable to locate a new attorney, he is entitled to proceed *pro se*. To be sure, he has demonstrated, through his well-written and well-reasoned submissions to the Court, that he is more capable and sophisticated than the typical *pro se* litigant. Nevertheless, there may be a legal impediment to his proceeding in this case without legal counsel. This action was filed by Mr. Dasrath solely in his capacity as the administrator of the estate of Rexford Dasrath. See generally Am. Compl. The law is clear that a *pro se* party who is not an attorney may not

bring an action on behalf of another. See Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010); see also 28 U.S.C. § 1654. In the context of an estate as a party, the Second Circuit has held that an administrator or executor of an estate "may not proceed *pro se* when the estate has beneficiaries or creditors other than" the individual purporting to represent the estate on a *pro se* basis. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). The Second Circuit has, however, carved out a narrow exception to this prohibition: "[A]n administrator can proceed *pro se* where an estate has neither creditors nor beneficiaries other than the administrator." Guest, 603 F.3d at 16; see id. at 21.

In this case, Mr. Dasrath has not alleged that he is the sole beneficiary of his son's estate or that there are no creditors; therefore, he has not demonstrated that he is entitled to appear *pro se* in his capacity as the estate's administrator. The Court will afford him an opportunity to make the necessary showing. Accordingly, if Mr. Dasrath has not succeeded in retaining counsel to represent his son's estate by May 25, 2016, and if he wishes to proceed *pro se* on behalf of the estate, he shall, by that same date, demonstrate that he is the sole beneficiary of the estate and that the estate lacks creditors. Mr. Dasrath is cautioned that, if he is unable to make the requisite showing, the action will be dismissed. See, e.g., Naughton v. Naughton, No. 11-CV-2865(SLT)(LB), 2011 WL 3701972, at *2, *3 (E.D.N.Y. Aug. 23, 2011).

## CONCLUSION

For the foregoing reasons, Mr. Wadia's motion to withdraw as counsel for plaintiff is hereby granted. Mr. Wadia is directed to promptly release his case file to Mr. Dasrath.

By May 25, 2016, Mr. Dasrath shall either arrange for new counsel to file a notice of

appearance, or he shall demonstrate that he is the sole beneficiary of his son's estate, which has no creditors, and that he is therefore entitled to represent the estate on a *pro se* basis.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**April 25, 2016**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**