UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**ARNEL DASRATH,** *as the Administrator of the Estate of Rexford Dasrath,*

                        **Plaintiff,**

                        **-against-**

**THE CITY OF NEW YORK, et. al.,**

                        **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**15-CV-766 (AMD)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      In an Order dated August 1, 2016, this Court directed plaintiff Arnel Dasrath ("plaintiff"), who is the executor of the estate of the decedent, Rexford Dasrath, to notify the Court whether his son's estate has any beneficiaries other than plaintiff. See Order (Aug. 1, 2016), Electronic Case Filing ("ECF") Docket Entry ("DE") #30. In his reponse to that Order, plaintiff states that on August 7, 2016, the decedent's mother, Felicia Dasrath, "declined the offer" to be a beneficiary, but that decedent's brother, David Dasrath, "has expressed interest in becoming a beneficiary" and is "a potential candidate for becoming a beneficiary." See Letter from Arnel Dasrath (docketed August 11, 2016), DE #32.

      As this Court explained in its Memorandum and Order of April 25, 2016, a *pro se* party who is not an attorney is not permitted to bring an action of behalf of another. See Memorandum and Order (Apr. 25, 2016) ("M&O") at 708, DE #27 (citing Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010); 28 U.S.C. §1654). This Court further observed:

> In the context of an estate as a party, the Second Circuit has held that an administrator or executor of an estate "may not proceed *pro se* when the estate has beneficiaries or creditors other than" the individual purporting to represent the estate on a *pro se* basis. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). The Second Circuit has, however, carved out a narrow exception to this prohibition: "[A]n administrator can proceed *pro se* where an estate has neither creditors nor beneficiaries other than the administrator." Guest, 603 F.3d at 16; see id. at 21.

M&O at 8.

Plaintiff has represented to the Court that, "[t]o the best of [his] knowledge, Rexford Dasrath's estate has no creditors." Letter dated 7/21/16 from Arnel Dasrath, DE #31. However, based on plaintiff's most recent submission, the Court is unable to conclude that plaintiff is the sole beneficiary of the estate.[1] Therefore, in accordance with Second Circuit precedent, plaintiff has failed to establish that he should be permitted to proceed *pro se* on behalf of his son's estate. See Pridgen, 113 F.3d at 393.

Plaintiff has now had nearly four months to resolve this issue of representation. The Court will not allow the case to languish indefinitely. By September 16, 2016, plaintiff shall either retain counsel to represent the estate and cause counsel to file a notice off appearance, or he shall make a showing sufficient to establish that the estate has no other beneficiaries and no creditors. If plaintiff has not retained counsel, and is not entitled to represent the estate

---

[1] It is unclear whether David Dasrath is a beneficiary or whether Felicia Dasrath has effectively renounced any interest she might otherwise have in the estate. See generally Aponte v. Liggett Grp., No. 13-CV-569(JMF), 2014 WL 1087977, at *1 (S.D.N.Y. Mar. 18, 2014) ("[A]lthough the other beneficiaries attempted to renounce their interests in the estate after Defendants filed the present motion to dismiss, . . . those renunciations were not valid under New York state law . . . .").

without counsel, this Court will recommend that the case be dismissed without prejudice.

The Clerk is requested to docket this Memorandum and Order into the ECF court file and mail a copy to plaintiff at his Post Office address.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 1, 2016**

/s/  *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**