

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | SAN FRANCISCO |
| BRUSSELS | 7 Times Square | SEOUL |
| CENTURY CITY | New York, New York  10036-6524 | SHANGHAI |
| HONG KONG |  | SILICON VALLEY |
| LONDON | TELEPHONE  (212) 326-2000 | SINGAPORE |
| LOS ANGELES | FACSIMILE  (212) 326-2061 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

December 16, 2016

OUR FILE NUMBER
3,001,019-018

**BY ECF**

WRITER'S DIRECT DIAL
(212) 326-2079

The Honorable Roanne L. Mann
United States Chief Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York l1201

WRITER'S E-MAIL ADDRESS
fprugo@omm.com

Re: *Arnel Dasrath. et al. v. City of New York et al. 15-CV-766 (AMD) (RLM)*

Your Honor:

I am a partner with O'Melveny & Myers, representing Plaintiff Arnel Dasrath, as administrator of the estate of Rexford Dasrath.  I write on behalf of both parties to update the Court on the status of discovery, as required under the Court's October 12, 2016 electronic order.

Based on our initial review of the case file we received from Plaintiff's prior counsel, O'Melveny confirmed that additional discovery from Defendants is necessary.  To that end, we have taken the following steps.

*First*, on November 8, 2016, we served Defendants with Plaintiff's first set of document requests.  The document requests seek documents and information primarily regarding (i) the November 18, 2013 shooting of Rexford Dasrath, (ii) any subsequent NYPD or City of New York investigation of that shooting; and (iii) the NYPD's policies and procedures and training materials.  Defendants will produce responsive documents early next week.  In addition, we are working with our client to collect and produce documents responsive to Defendants' document requests, which were outstanding when O'Melveny took over this case from Plaintiff's prior counsel.

*Second*, on December 9, 2016, we sought to streamline both further discovery and trial by serving Defendants with Plaintiff's first requests for admission.  Defendants' responses to those requests are due January 8, 2017.  Plaintiff may serve additional requests for admission or interrogatories depending on the evidence Defendants produce in response to Plaintiff's document requests.

December 16, 2016 - Page 2

*Third*, as this Court knows (*see* Dkt. 37), we identified an initial list of deponents, and anticipate serving deposition notices and/or subpoenas on those witnesses within the next week. We may identify additional deponents based on our review of Defendants' pending document production. In addition, Defendants intend to take Plaintiff's deposition, which the parties are now working to schedule.

As for expert discovery, based on the available evidence, Plaintiff believes it will need one expert witness, but cannot confirm that assessment until it reviews Defendants' pending document production. Defendants plan on retaining a rebuttal expert. The parties therefore agree that an expert discovery phase spanning February 1 – April 30, 2017 is necessary, with (i) Plaintiff's expert report due March 10, 2017; (ii) Defendants' rebuttal report due April 17, 2017, and (iii) expert depositions to occur from April 18–30, 2017.

As for the rest of the schedule, Defendants have indicated they will move for summary judgment following the completion of fact and expert discovery. Plaintiff has made no such determination yet given fact and expert discovery is still ongoing. The parties propose that summary judgment briefs be due May 22, 2017, oppositions on June 5, 2017, and replies on June 12, 2017. Last, the parties propose that trial start on Monday, July 17, 2017.

The Court in its October 12, 2016 order asked that the parties also provide, if warranted, a request for a further settlement conference. Because discovery is ongoing and the parties will need to reevaluate their respective positions in light of any new evidence, the parties agree that a further settlement conference would not be appropriate at this time.

Sincerely,

Filko Prugo